Nicholson, C. J.,
delivered the opinion ■ of the Court.
This cause commenced before a Justice of the Peace, in Cocke. County. Judgment was given for the plain *386 ■tiff below, and an appeal taken by him to the Circuit Court. Upon tbe trial in the Circuit Court, the plaintiff read- to the jury the following note: ■
“$180.
“On or before the 1st day of January next, I promise to pay to A. W. Rhea, one hundred and eighty dollars, in the currency of the country, but not in Confederate notes, for value received. Sept. 26, 1863.
“J. A. Hill.”
On the back of the note were indorsed several small credits, and an assignment thereof to the plaintiff.
After reading the note to the jury, the plaintiff closed his case.
Defendant introduced witnesses who proved that on the 1st of January, 1864, besides Confederate money,' there were bank notes and some greenbacks, in circulation in Cocke County; that there was but little of the greenback currency in circulation, and not enough to furnish a currency; that there wás more bank notes in circulation than anything else beside Confederate money; that the bank notes, compared with greenbacks, were at a discount of about fifty per cent.; that the greenbacks were mostly laid away, and not put in circulation.
Plaintiff then introduced a witness who testified to the same facts, substantially, as the witness for defendant.
Plaintiff’s counsel requested the Circuit Judge to charge the jury that currency meant that which was passing at or about par; and that bank notes which passed at a shave and were taken in ordinary transactions at a considerable discount, were not currency, which *387 the Judge refused to charge, but charged, that in the event the jury found the matters in controversy in' favor of the plaintiff, their verdict should be for the value of the amount called for in the note, in the currency of the country, at the time the note became due.” To this charge the plaintiff excepted, and upon the overruling of his motion for a new trial, appealed in error to this Court.
The only question for our determination, upon the bill of exceptions, is, as to the proper construction to be placed upon the words, “one hundred and eighty dollars, in the currency of the country, but not in Confederate notes,” used in the note sued on. This Court has been repeatedly called on to construe contracts in which the expression, “ current bank notes,” has occurred; but after a careful examination of the several cases, we are unable to deduce from them any determinate rule that is decisive of the present case. in the case of Hopson v. Fountain, 5 Hump., 140, the expression was, to pay “in current bank money of the State of Mississippi, the sum of $293.” The Circuit Judge held that the word had a technical legal meaning, signifying “money, dollars and cents of constitutional currency, i. e., gold and silver.” This Court reversed the holding of the Circuit' Judge, saying: “We cannot consent to the correctness of the definition of the word 'money.’ It is a generic term, embracing, according to the subject matter of the discourse of writing, every species of coin or currency, etc.,” and it was held that the measure of damages in that case, was the value of current Mississippi bank notes, where the covenant *388 was payable. In the casé of Baker v. Jordan, 5 Hump., 485, the expression was “to pay $2,821 in current Tennessee bank notes.” This Court held that “the words 'current bank notes/ mean that which circulates currently as money, and which, in the absence of proof to the contrary, is presumed to be of value to money,” but which presumption the defendant may rebut by proof.
In the argument of this cause, the counsel assumed that the terms “currency” and “current bank notes,” are synonomous; and in this, we think, they are correct. The contract is to be construed, then, as if the language had been, “payable in the current bank notes of the country, but not in Confederate notes.” This last expression, “but not in Confederate notes,” seems to designate the meaning attached by the parties themselves to the term “currency of the country,” making it clear that the defendant understood himself as agreeing to pay, and the plaintiff as agreeing to receive “current bank notes of the country.” In this view, the remarks of Judge Green, in the case of Baker v. Jordan, already quoted, appear to the Court to be applicable to this case. The expression, payable “in the currency of the country,” means payable in those bank notes which might circulate currently as money, Avhen the note became due. Bank notes so circulating would be presumed to be of value equal to money. Hence, in this case, if upon the trial, when the plaintiff read his note and closed his case, the defendant had introduced no proof rebutting the presumption, that current bank notes were equal in_ value to money, the plaintiff *389 ■would have been entitled to a verdict in dollars, for the amount of the note. But the defendant introduced such proof without objection; and the Judge charged the jury substantially in accordance with the law as herein declared. There is no error, and we affirm the judgment.